UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| United States of America, | Case No. 2:24-cr-00111-CDS-EJY-3 |
| Plaintiff | **Order Denying Defendant's Motions for Sentence Reduction** |
| v. | |
| Brenda Andrade, | [ECF Nos. 119, 122] |
| Defendant | |

Defendant Brenda Andrade, who is serving a seventy-month sentence for conspiracy to distribute a controlled substance—methamphetamine, has filed two motions for a sentence reduction under Amendment 821 to the United States Sentencing Guidelines. ECF Nos. 119, 122. The Federal Public Defender of the District of Nevada, appointed under Amended General Order 2023-09, screened the motions and determined that Andrade is ineligible for the relief she requests. *See* Notice of non-eligibility, ECF No. 123. Because Andrade does not qualify for an adjustment to her criminal-history points or her offense level, I deny her motions for sentence reduction.

I.    Background

In May 2024, Andrade was charged in a four-count indictment with: three counts of conspiracy to distribute a controlled substance—methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(viii). Indictment, ECF No. 13. On May 14, 2025, Andrade entered a plea of guilty to count one of the indictment pursuant to a written plea agreement with the government. Plea agreement, ECF No. 62. Andrade appeared for sentencing before United States District Judge James C. Mahan on August 18, 2025, at which time she was sentenced to seventy months in prison, followed by five years of supervised release, for count one of the indictment. Mins., ECF No. 72. *See also* J., ECF No. 74. All other counts were dismissed at that time.

On May 14, 2026, and June 5, 2026, Andrade filed motions to reduce her sentence. Mots., ECF Nos. 119, 122. She seeks relief under Amendment 821 to the U.S. Sentencing Guidelines. *See generally id.* Under this court's Second Amended General Order 2023-09, the Federal Public Defender (FPD) screened Andrade's motions and filed a notice indicating that Andrade does not qualify for a reduction under Part A or Part B of Amendment 821. Notice, ECF No. 123.

**II.     Discussion**

A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances. 18 U.S.C. § 3582(b). *See United States v. Hicks*, 472 F.3d 1167, 1169 (9th Cir. 2007) ("As a general matter, courts may not alter a term of imprisonment once it has been imposed."). However, 18 U.S.C. § 3582(c)(2) establishes an exception to the general rule of finality. *Dillon v. United States*, 560 U.S. 817, 824 (2010). It provides,

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently lowered by the Sentencing Commission . . ., the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by Sentencing Commission.

18 U.S.C. § 3582. Accordingly, under § 3582(c)(2), the court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission. If a retroactive amendment does in fact lower a defendant's guideline range consistent with applicable policy statements, the court must consider the factors set forth in 18 U.S.C. § 3553(a) to determine if it should exercise its discretion to reduce that defendant's sentence. 18 U.S.C. § 3582(c)(2).

In April of 2023, the United States Sentencing Commission promulgated amendments to the sentencing guidelines, which were retroactive. *See* Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60534-02 (Sep. 1, 2023); Amendment 821, U.S. Sent'g Comm'n, https://www.ussc.gov/guidelines/amendment/821 (last visited June 29, 2026). Those

amendments took effect on November 1, 2023. *See United States Sentencing Commission*, 2023 Amendments in Brief, https://www.ussc.gov/sites/default/files/pdf/amendment-process/amendments-in-brief/AIB_821R.pdf (June 29, 2026). As relevant here, Andrade moves for a reduction of her sentence pursuant to Amendment 821 of the guideline amendments that took effect in November of 2023. Part A of Amendment 821 limits the criminal history impact of "status points" under U.S.S.G. § 4A1.1. *See* U.S. Sent'g Comm'n, https://www.ussc.gov/guidelines/amendment/821 (last visited June 29, 2026). Specifically, regarding "status points" under U.S.S.G. § 4A1.1, a defendant who committed the instant offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status," previously received two additional criminal history points. *Id.* And Part B created a new § 4C1.1 guideline that provides for a decrease of two offense levels for individuals who qualify as "Zero-Point Offenders" (no criminal history points) and whose offense did not involve specific aggravating factors. *Id.*

The FPD's review of Andrade's case revealed that she does not qualify for a reduction under Amendment 821. As set forth in its notice, Andrade is ineligible under Part A of the Amendment because she did not receive any "status" criminal history points at the time of sentencing. ECF No. 123; *see also* PSR, ECF No. 73 at 8–9 (sealed). She also does not qualify for a reduction under Part B of the Amendment because she received a reduction at the time of sentencing. *Id.* As part of their review, the FPD further determined that no retroactive guideline amendments currently listed in the U.S.S.G. apply to Andrade's guideline calculation. *Id.* at 2. The FPD informed Andrade of its determination. *Id.*

Having reviewed Andrade's case, together with the 2023 amendments to the United States Sentencing Guidelines, I concur with the FPD's position that Andrade does not qualify for a sentence reduction under Parts A or B of Amendment 821. She is ineligible for a reduction under Part A of the Amendment because she did not receive any "status" criminal history points at the time of sentencing. She is also ineligible under Part B of the Amendment because Andrade

received the benefit of a two-level reduction as a zero criminal-history offender under U.S.S.G. §§ 4C1.1(a) and (b) at sentencing. Consequently, Andrade does not qualify for a sentence reduction under either Part A or B to Amendment 821, so her motions for sentence reduction are denied.

III.    **Conclusion**

It is ordered that Andrade's motions for sentence reduction **[ECF Nos. 119, 122] are DENIED.**

Dated: June 29, 2026

_____
Cristina D. Silva
United States District Judge