UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

United States of America,

Plaintiff

v.

Brenda Andrade,

Defendant

Case No. 2:24-cr-00111-CDS-EJY

**Order Denying Defendant's Motion for Reconsideration**

[ECF No. 129]

Defendant Brenda Andrade filed, pro se, a motion for reconsideration of my order (ECF No. 128) denying her motions for sentence reduction (ECF Nos. 119, 122). Mot., ECF No. 129. I deny the motion for two reasons.

First, Andrade is still represented by counsel so she cannot file motions pro se.[1] *See* LR 11-6(a) ("A person who is represented by counsel "cannot while so represented appear or act in the case."); *see also Le v. Almager*, 2013 WL 415632, at *1 (N.D. Cal. Jan. 31, 2013) ("A court need not consider pro se motions filed by a party who remains represented by counsel.").

Second, the motion is denied because it fails to meet the requisite standard demonstrating reconsideration is warranted. Indeed, motions for reconsideration offer "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citations omitted). "Indeed, 'a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Id.* (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). "A motion to reconsider must provide a court with valid grounds for reconsideration by: (1) showing some valid reason why the court

[1] Motions for sentence reductions are an exception to this rule because those motions are governed by Amended General Order 2023-09.

should reconsider its prior decision, and (2) setting forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003) (citing *All Hawaii Tours Corp. v. Polynesian Cultural Ctr.*, 116 F.R.D. 645, 648–49 (D. Haw. 1987), *rev'd on other grounds*, 855 F.2d 860 (9th Cir. 1988)).

Here, even liberally construing the motion, it fails to set forth or explain a valid reason for reconsideration. Andrade asks this court to apply U.S. Sentencing Guideline amendments that were passed in July 2026 to her case, and in turn, grant her motions for sentence reduction. But Andrade does not explain how the amendments would warrant the relief she seeks, and fatal to her motion is the fact that those amendments do not go into effect until November of 2026. Thus, there is no mechanism for this court to grant her motion. *See* Amendments to the Sentencing Guidelines, available at https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202605_RF.pdf (last accessed on August 27, 2026) (stating the effective date is November 1, 2026).

IT IS THEREFORE ORDERED that Andrade's motion for reconsideration **[ECF No. 129] is DENIED**.

Dated: August 27, 2026

_________________________
Cristina D. Silva
United States District Judge